IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K&S CARRIERS, LLC,

        Plaintiff,

v.

TOTAL QUALITY LOGISTICS, LLC, and
ENERGY SOLUTIONS AND SUPPLIES, LLC

        Defendants.

OPINION AND ORDER

23-cv-356-jdp

---

    This lawsuit arises out of the theft of two shipments of solar panels worth over $400,000. In October 2022, defendant Energy Solutions and Supplies, LLC (ESAS) hired defendant Total Quality Logistics, LLC (TQL), a transportation broker, to arrange shipment of its solar panels from California to Florida. Although TQL thought it was hiring plaintiff K&S Carriers, LLC as a motor carrier to transport the shipments, an imposter posing as K&S unlawfully took possession of the solar panels from ESAS in California. Defendants blamed K&S for their loss and took two actions to enforce their rights: TQL submitted multiple insurance claims to K&S's insurance company and ESAS sent K&S a notice of claim and demand for payment for the stolen panels. Hoping to avoid liability, K&S filed suit in the Circuit Court for Clark County, Wisconsin on May 8, 2023, seeking a declaratory judgment that it has no liability to defendants and that defendants cannot use the theft as an off-set against other unrelated freight bills.[1] Dkts. 1-2.

    Defendants removed the case to this court on May 30, 2023, dkt. 1, and quickly filed motions to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim,

---

[1] K&S's state court complaint also sought a money judgment against ESAS for unpaid invoices, but that claim does not appear in its amended complaint in this court. *See* dkt. 27.

dkts. 9 and 20. This resulted in a flurry of filings over the next few months: K&S filed a motion for leave to conduct jurisdictional discovery before the court ruled on ESAS's motion to dismiss for lack of personal jurisdiction. Dkt. 15. While that motion was being briefed, K&S filed an amended complaint, which mooted defendants' motions to dismiss. Dkts. 27-28. After defendants renewed their motions on July 21, 2023, dkts. 32 and 34, the court granted K&S's unopposed motion to stay briefing on ESAS's motion to dismiss for lack of personal jurisdiction, pending the court's decision on jurisdictional discovery, dkt. 38. The motion for jurisdictional discovery is now before the court.

For the reasons below, I am denying K&S's motion for jurisdictional discovery and lifting the stay entered on August 7, 2023, dkt. 38. K&S's response to ESAS's motion to dismiss, dkt. 32, is due September 18, 2023. ESAS's reply deadline will be due September 28, 2023.

## ANALYSIS

ESAS has moved to dismiss K&S's lawsuit on the ground that this court cannot exercise personal jurisdiction over ESAS. There are two types of personal jurisdiction: general and specific. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). The court can assert general personal jurisdiction over a defendant who has such systematic and continuous contact with the forum state that the defendant could be considered at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). However, specific personal jurisdiction may exist when the defendant has more limited contacts with the forum state, so long as those contacts are related to the claims in the lawsuit. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (explaining specific jurisdiction must be authorized by the forum state's personal-jurisdiction or long-arm statute and

meet requirements of Due Process Clause). It is the plaintiff who bears the burden of establishing personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014).

In lieu of responding to ESAS's motion to dismiss, K&S seeks jurisdictional discovery to help it meet its burden of showing that this court has personal jurisdiction over ESAS. The Seventh Circuit has held that "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). The court of appeals also has made clear that "a district court does not abuse its discretion in denying additional discovery where the request was based on nothing more than mere speculation and would amount to a fishing expedition." *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 890 (7th Cir. 2018) (internal quotations omitted); *see also In re Sheehan*, 48 F.4th 513, 527 (7th Cir. 2022) (citing same and holding plaintiff not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction); *Viahart L.L.C. v. Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022) (court should deny plaintiff's request for discovery if it's based on unsupported assertions of personal jurisdiction); *Rovanco Piping Sys., Inc. v. Perma-Pipe Int'l Holdings, Inc.*, 2022 WL 683690, at *4 (N.D. Ill. Mar. 8, 2022) (plaintiff may not rely on "bare, attenuated, or unsupported assertions of jurisdiction to justify discovery").

K&S alleges in its amended complaint that this court has personal jurisdiction over ESAS for two reasons:

    1.    ESAS committed the following acts or omissions in Wisconsin that may "expos[e] K&S to financial damage in Wisconsin:" (a) TQL acted as an

3

    agent for ESAS in submitting multiple claims under K&S's cargo liability policy, which was delivered in Wisconsin; and (b) ESAS sent K&S a notice of claim and demand letter via certified mail to K&S in Wisconsin.

  2. ESAS has accused K&S of acts and omissions that K&S only could have committed in Wisconsin because K&S's sole office is in Greenwood, Wisconsin.

Dkt. 27 at ¶¶ 11-13.

These allegations suggest that K&S believes that specific personal jurisdiction exists.

  Although K&S's initial complaint filed in state court also alleged that "upon information and belief, [ESAS] has distributed its solar panels in the State of Wisconsin and engaged in other contacts, directly or indirectly, in Wisconsin," dkt. 1-2, at ¶ 23, the amended complaint does not contain these allegations, or any other allegations that would suggest a basis for general jurisdiction. Moreover, in conjunction with ESAS's motion to dismiss, ESAS's statutory agent, Lekha Nath Acharya, submitted declarations averring that ESAS is an Arizona corporation that has made only one shipment of solar products to Wisconsin since the company was established in August 2020, and that shipment was not related to K&S or its claims in any way. Dkt. 12, at ¶¶ 5, 9.[2] According to Acharya, ESAS has no employees, property, or business contacts in Wisconsin, and has not specifically targeted Wisconsin residents with advertising or solicitations. *Id.*; dkt. 25.

  K&S seeks discovery relating to the following: (1) all communications between ESAS and TQL relating to the theft; (2) documents and electronically stored information (ESI) related to TQL's claim to K&S's insurer in Wisconsin; and (3) cross-examination (e.g., interrogatories)

---

[2] The order was placed on October 12, 2022, with an initial deposit of $27,353.60, and the order was completed on March 30, 2023, for a total amount of $137,308. *Id.* ¶ 9.

of ESAS's claim that it has no dealers or distributors in Wisconsin and has not advertised in Wisconsin. K&S contends that the first two categories of proposed discovery may show that TQL took action in Wisconsin on behalf of ESAS, establishing a basis for specific personal jurisdiction. The third category of proposed discovery relates to possible general jurisdiction. However, as discussed above, it appears that K&S may have abandoned this theory after the briefing concluded on the motion for jurisdictional discovery because K&S subsequently filed an amended complaint that contained no allegations supporting an inference of general personal jurisdiction. In any event, K&S's arguments that cross examination of ESAS *may* lead to additional evidence of ESAS's contacts in Wisconsin are based on conjecture. Without more, ESAS cannot make a prima facie showing of general personal jurisdiction.

I also am not persuaded that jurisdictional discovery would uncover evidence that ESAS is subject to specific personal jurisdiction in Wisconsin. As ESAS contends, ESAS's and TQL's alleged contacts with K&S in Wisconsin all occurred *after* the theft of the solar panels and are unconnected to K&S's claim that it was not involved in or responsible for the theft. *See In re Sheehan*, 48 F.4th at 527 (affirming denial of jurisdictional discovery where discovery sought did not involve suit-related conduct); *Advanced Tactical*, 751 F.3d at 801 ("Specific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state").

Moreover, the information that K&S seeks—the communications between ESAS and TQL related to the theft and TQL's files on an insurance claim—has little to nothing to do with Wisconsin. As ESAS persuasively argues in its response to K&S's jurisdiction, and more thoroughly in its motion to dismiss, the mere act of sending a demand letter to K&S in Wisconsin or submitting a claim to K&S's Wisconsin insurer are not likely to be significant

5

enough to confer specific personal jurisdiction in this case. *Advanced Tactical*, 751 F.3d at 801 ("The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.") (quoting *Walden v. Fiore*, 571 U.S. 277, 284 and 291 (2014)).

The same holds true with respect to the alleged actions or omissions that K&S performed within the state in relation to the theft. *Id.* ("[T]he relation between the defendant and the forum must arise out of contacts that the 'defendant himself' creates with the forum."). K&S has not responded to these arguments, in part because it succeeded in obtaining a stay of the briefing on the motion to dismiss.

For the above reasons, the court concludes that K&S has not yet made a prima facie showing of this court's personal jurisdiction over ESAS. Therefore, I will lift the stay, set new response and reply briefing deadlines on ESAS's motion to dismiss, and deny K&S's motion for jurisdictional discovery without prejudice to its renewal, should K&S make a prima facie showing of personal jurisdiction upon completion of the briefing of the motion to dismiss. *See Standard Process, Inc. v. Kdealz Co.*, no. 17-cv-909-jdp, 2018 WL 1583303, at *1 (W.D. Wis. Mar. 30, 2018) (denying jurisdictional discovery pending briefing and review of motion to dismiss).

## ORDER

IT IS ORDERED that:

1. Plaintiff K&S Carriers, LLC's motion for jurisdictional discovery, dkt. 15, is DENIED without prejudice.

2. The stay entered on August 7, 2023, dkt. 38, is LIFTED.

3. K&S's response to ESAS's motion to dismiss, dkt. 32, is due September 18, 2023. ESAS's reply is due September 28, 2023.

Entered this 29th day of August, 2023.

> BY THE COURT:
>
> /s/
> _____
> STEPHEN L. CROCKER
> Magistrate Judge